UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7246 FMO (PDx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Alfred W. Cortese, Jr. v. Diana P. Noweski-Cortese | | |

JS - 6

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff:     Attorney Present for Defendants:

None Present     None Present

**Proceedings:**     (In Chambers) Order Remanding Action

On June 29, 2020, plaintiff Alfred W. Cortese, Jr. ("plaintiff") filed a complaint ("Complaint") in the Santa Barbara County Superior Court ("state court") against pro se defendant Diana P. Noweski-Cortese ("defendant"), seeking a declaratory judgment directing defendant to "abide by a sister state Order" and "execute and deliver an Assignment of Lease regarding [property located in Solvang, California]." (Dkt. 1, Exh. A, Complaint at ¶¶ 1, 5). On August 12, 2020, defendant removed the instant action on federal question grounds pursuant to 28 U.S.C. § 1331, and on diversity jurisdiction pursuant to 28 U.S.C. § 1332. (See Dkt. 1, Notice of Removal ("NOR") at ¶¶ 21, 26). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

**LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). The courts are presumed to lack jurisdiction unless the contrary appears affirmatively from the record. See DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 342 n. 3, 126 S.Ct. 1854, 1861 (2006). Federal courts have a duty to examine jurisdiction sua sponte before proceeding to the merits of a case, see Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583, 119 S.Ct. 1563, 1569 (1999), "even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

"The right of removal is entirely a creature of statute and a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress." Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32, 123 S.Ct. 366, 369 (2002) (internal quotation marks omitted). Where Congress has acted to create a right of removal, those statutes, unless otherwise stated, are strictly construed against removal jurisdiction.[1] See id. Unless otherwise expressly

---

[1] For example, an "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7246 FMO (PDx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Alfred W. Cortese, Jr. v. Diana P. Noweski-Cortese | | |

provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a); see Dennis v. Hart, 724 F.3d 1249, 1252 (9th Cir. 2013) (same).  A removing defendant bears the burden of establishing that removal is proper.  See Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted).  Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

"Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts."  Syngenta Crop Prot., 537 U.S. at 33, 123 S.Ct. at 370.  Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and. . . the district court must remand if it lacks jurisdiction."  Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); see Emrich v. Touche Ross & Co., 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) ("It is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

**DISCUSSION**

The court's review of the NOR and the attached Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter.  In other words, plaintiff could not have originally brought this action in federal court, in that plaintiff does not competently allege facts supplying federal question or diversity jurisdiction, and therefore removal was improper.  See 28 U.S.C. § 1441(a);[2] Caterpillar Inc., 482 U.S. at 392, 107 S.Ct. at 2429 ("Only state-court actions

---

Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

  [2] Title 28 U.S.C. § 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7246 FMO (PDx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Alfred W. Cortese, Jr. v. Diana P. Noweski-Cortese | | |

that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

First, there is no basis for federal question jurisdiction, as the state court complaint discloses no claim arising under federal law. (See, generally, Dkt. 1, Complaint). Defendant claims that this court has original jurisdiction over this matter because it "requires application of California community property laws to 'CA real estate' that was involved in interstate commerce." (See Dkt. 1, NOR at ¶ 21). However, plaintiff brings this declaratory relief action to enforce a judgment of the District of Columbia Superior Court, which ordered defendant to transfer to plaintiff all of her interest in real property located at Santa Barbara, California. "This matter appears to be based on an underlying property dispute that is entirely a matter of state law[,]" Columbi v. McCullum, 2018 WL 3727578, *1 (W.D. Wash. 2018), and thus defendant has failed to carry her burden of proving by a preponderance of the evidence that removal on federal question grounds is appropriate. See In re Dynamic Random Access Memory (DRAM) Antitrust Litig., 546 F.3d 981, 984-85 (9th Cir. 2008) ("Dismissal for lack of subject matter jurisdiction is appropriate if the complaint . . . fails to allege facts sufficient to establish subject matter jurisdiction."); Sitthidet v. First Horizon, 2012 WL 2343036, *4 (W.D. Wash. 2012) ("[P]roperty disputes are more properly addressed in state court[.]").

Second, defendant asserts that jurisdiction is proper pursuant to 28 U.S.C. § 1332(a) because she is a resident of California, plaintiff is a resident of Virginia, and the "'CA real estate' at issue is currently worth $1,690,000." (See Dkt. 1, NOR at ¶¶ 27-29). "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation." Reyes v. Wells Fargo Bank, N.A., 2010 WL 2629785, *4-5 (N.D. Cal. 2010)) (internal quotation marks omitted)). Here, the D.C. Superior Court determined that defendant's interest in the property at issue is $56,075. (See Dkt. 1, NOR at ¶ 7). Plaintiff seeks declaratory relief due to defendant's alleged failure to transfer her interest in the property to plaintiff pursuant to a judgment issued by the D.C. Superior Court. (See Dkt. 1, Exh. A, Complaint at ECF 17-18). Defendant does not cite to any authority demonstrating that the value of the entire property is at issue, as opposed to only her interest in it. (See, generally, Dkt. 1, NOR). Thus, defendant has failed to carry her burden of proving by a preponderance of the evidence that the amount in controversy meets the $75,000 jurisdictional threshold. See Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116-17 (9th Cir. 2004); Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam).

In short, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that defendant has met her burden. Therefore,

---

the district court of the United States for the district and division embracing the place where such action is pending.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7246 FMO (PDx) | Date | October 13, 2020 |
|---|---|---|---|
| Title | Alfred W. Cortese, Jr. v. Diana P. Noweski-Cortese | | |

there is no basis for federal subject matter jurisdiction.  See 28 U.S.C. §§ 1331, 1332.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

Based on the foregoing, IT IS ORDERED that:

1.  The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Santa Barbara, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

2.  The Clerk shall send a certified copy of this Order to the state court.

3.  Any pending motion is denied as moot.

Initials of Preparer     vdr